Madam Clerk, there's no response on this one. Just one side arguing. Is that correct? Yes. Sir, introduce yourself. Tell us who you are. My name is Robert E. Merrill Kohlberg and I am the appellant in this case. So you have 15 minutes and you may you may proceed. Thank you very much gentlemen. I appreciate the time. Happy spring. Bankruptcy is an option for the unfortunate debtor. I've been told that several times by my attorney and several other people. Bianca Renee Schmunk however is a liar and a perjurer. That would seem to be a pretty strong contention on my part but I will do my best to explain the grounds and the reasoning for that assumption of guilt as a reasonable person. I believe that attorney Ralph Rayburn whose testimony appears in docket 55 the transcript of trial of September 29th 2017 pages 32 line 24 to page 62 line 15 would not knowingly or unknowingly lie in any court proceeding and I've never met the man. I heard him on the telephone during the trial testimony. As in point 13 in my formal brief to this distinguished panel Mr. Rayburn asserts that quote typically the retainer agreement describes that I'm representing her on a personal injury claim and that's the extent of it. I didn't have any discussion about bringing a property damage claim or what value to place on that claim. Mr. Rayburn continues well I handled two cases for her but I'm not are you asking did she think I was going to defend a small claims case that I didn't know had been filed against her. I have no idea I'm not aware that the case had been filed against her and continuing he says quote again I'm not sure what the whole thing is that you're referring to but the scope of my representation was to resolve two personal injury claims and in the and litigate loan liens including personal injury liens in both cases but never anything to do with property damage. Quote I don't know where she would have come by that I don't know that that would be within my sense of her having a reasonable appreciation for me to get involved in that claim. So no I don't see where she would have thought that I was involved with it unquote. The court that went on to a lunch break and we came back approximately an hour later and at 2 30 p.m. about three hours later my attorney Miss Scott began direct examination of Ms. Schmunk. On page 130 of document 55 the trial testimony Ms. Schmunk asserts that quote so upon my attorney's advice he said because he meaning me had filed a small claims case to just not deal with it at that point unquote. My attorney questions her so does this mean that if he'd not gotten a judgment you were going to pay him and she says quote that is what that means. Further beginning on page 149 line 14 of document 55 Miss Scott asked did you talk with an attorney about not paying off the debt you owed to my client and Miss Schmunk answers I asked my personal attorney initially what I should do about the judgment being told that I had to appear in court for the judgment. I asked him what I should do there and then when I was served with the judgment I asked him what I what his advice was to do about that unquote. Question from Miss Scott who was your personal attorney answer from Miss Schmunk quote Ralph Rayburn when I first got served with the paperwork to appear he told me that it was a waste of my time to go down there I would miss work take time off to go down there it was a judgment it was money I owed he said not to go down there it was just going to issue a judgment quote and then the judgment did come he told me that at that point he didn't say his exact words were not in my understanding of what he said was that voided the contract and it was treated like every other judgment that I had. Question from Miss Scott so that was what my understanding from the conversation was yes. Question from Miss Scott did your attorney tell you to do that? Answer I don't recall in those specific words I don't recall what specific words were that he used but that's the understanding that I got from the conversation. Question from Miss Scott so you talked to him about not paying my client out of the settlement money is that correct? Miss Schmunk's answer was yes. Further in exhibit four from docket 50 or document 50 page 10 of 19 line 14 trustee Eiler asks have you transferred cash or assets worth more than $1,000 to friends or relatives since October 1st of last year? On line 17 Miss Schmunk answers no. Point 12 of my informal brief clearly highlights this transaction as perjury under oath to trustee Eiler and in trial testimony document 55 pages 132 lines 19 to 133 line 13 Miss Schmunk clearly admits to transfer of funds quote to her boyfriend's savings account $2,300. Now those two items are just highlight the fact that Miss Schmunk has come up with a story the fabricated lie that Mr. Rayburn lied in his testimony to Judge Hersher's court and that she is by all means truthful. In my other points that I had in my case I brought up several perjurious items that she submitted with her bankruptcy petition and those items I have found to be exactly that perjury. In my estimation Miss Schmunk should be sent to jail fined for each of those and I would care less about my two thousand something dollar judgment that I got from the Eugene small claims court. Also I have a thirty six thousand dollar bill from my attorney Miss Scott and her her paralegal that I would almost be willing to forego if Miss Schmunk could be taught a lesson not to continuously lie. In the 523 cases and in the 727 case well I'll address the 523s first. In the 523 cases it says that fraud hindering prosecution or hiding assets is exactly what I sued for. It took me three times to get it right with an attorney's advice finally but I did get it right. Judge Hersher allowed us a 727 claim dangled it out there in front of us and we took it and then in the closing arguments he seemed to take it away. I don't have a problem with the way that Judge Hersher decided the case I just have a problem with Judge Hersher believing that Miss Schmunk could possibly be anything but a liar and a perjurer and that is the extent of my case. I would I would ask this panel this distinguished panel that this appeal be there was obvious fraud from time immemorial. She strung me along for two years and said that she was still out of work when in fact she was working five weeks after this accident on November 13th 2013. So it could have been paid off a long time ago. I considered in my mind that the $2,300 that she took out of her account after she got her $4,700 settlement I considered that the $2,300 that she took out of her account and transferred to her boyfriend's account just might be the amount of money that she was going to pay me before I ever brought this case. But that didn't happen and the $2,300 never made it back to her account. The following day after she made that withdrawal she went to the Nisqually Casino in Snoqualmie, Washington spent three days there and the $2,300 never came back. I have no idea where it went. She says it went to pay bills. I doubt that. She's lived a cash existence for the last two and a half years excuse me the last four and a half years until she went to file her bankruptcy and when she did that as I pointed out in my informal briefing when she did that she told trustee Eiler that she had no changes to make on any of her bankruptcy schedules and then the day before that trustees meeting there were several accounts that were closed and new accounts that were open a savings and a checking account and it just makes no sense. She's perjured herself time and time again under oath at Judge Hirscher's court at at trustee Eiler's meeting of predators and I'd ask that she be put in jail and I thank the panel for their time. Thank you very much for your presentation. Do you have any questions? This case is now submitted. We'll issue an opinion. Thank you very much. Thank you.
judges: Kurtz, Faris, and Spraker